OPINION
{¶ 1} Defendant-appellant, Scott A. Mittman ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted summary judgment against appellant and in favor of appellee, Jamie B. Goldberg ("appellee"), on appellee's claim for legal malpractice, and on appellant's counterclaim for unpaid legal fees, and denied appellant's motion for summary judgment as to his counterclaim. *Page 2 
 {¶ 2} The record reveals the following procedural history and undisputed facts. Appellee was named a defendant in an adversary proceeding in federal bankruptcy court. Specifically, the trustee in appellee's father's bankruptcy alleged that appellee's father had made a $15,000 fraudulent transfer to appellee within the statutory look-back period. The trustee sought a declaration of fraud and return of the funds to the bankruptcy estate. Appellee engaged appellant to represent her in the adversary proceeding.
 {¶ 3} The trustee filed a motion for summary judgment. Appellant filed a memorandum contra to the trustee's motion for summary judgment, on behalf of appellee, but failed to present any evidence therewith demonstrating the existence of "disputed facts." (Adm. No. 4.[1]) Without any evidence, appellant presented no disputed material fact to the bankruptcy court. (Adm. No. 5.) Appellant failed to present any disputed material fact on appellee's behalf, despite the fact that he "knew of evidence that existed and that would have created issues of disputed facts relating to [the trustee's] Motion for Summary Judgment * * * but failed to submit said evidence to the Bankruptcy Court in response to the [m]otion." (Adm. No. 6.) As a result, the bankruptcy court granted summary judgment in favor of the trustee and against appellee in the amount of $15,000. Thereafter, appellant failed to timely appeal the judgment. (Adm. No. 13.) Later, the United States Court of Appeals for the Sixth Circuit refused to allow appellee leave to file a delayed appeal.
 {¶ 4} On January 7, 2005, appellee filed a complaint against appellant containing a claim for legal malpractice. Appellant filed an answer and counterclaim for unpaid legal *Page 3 
fees related to the same representation upon which the malpractice claim was based. His claim was styled as one for quantum meruit. On August 4, 2005, the trial court deemed admitted appellee's requests for admissions to which appellant had failed to respond. On September 15, 2006, appellee moved for summary judgment on both her complaint and appellant's counterclaim. For support of her motion she relied upon appellant's admissions and her own affidavit. Therein, appellee averred, inter alia:
 15. I was available to sign an affidavit and would have done so had Defendant Mittman asked me to do so.
 16. I provided Defendant Mittman with numerous documents which created issues of fact which would have precluded summary judgment; however, Defendant Mittman never utilized any of the documents that I had provided to him in my defense.
 17. A $15,000.00 judgment was rendered against me in the adversary proceedings and I was unaware of this judgment until I personally checked the Court's docket for an update on my case. Subsequently, a settlement was agreed upon pursuant to which I paid $10,000 to the Trustee for which I was personally responsible.
 {¶ 5} In response, appellant filed a memo contra to appellee's motion for summary judgment. Therein, he conceded that, after the two discussed the situation, appellee "concurred [with appellant] that [the trustee's motion] would be defeated by [appellee's] affidavit,"[2] but argued that it was appellee's fault that he submitted no affidavit to the bankruptcy court. Appellant attached his own affidavit in support, in which he averred that "[appellee] informed me that she * * * would have someone in her office prepare the document. I never received the document from [appellee]." (Mittman Aff., *Page 4 
¶ 14.) He further stated that he "did not receive a single document from [appellee], as to her claims and defenses to the adversary proceeding" until after summary judgment had been entered in favor of the trustee. (Id. at ¶ 28.)[3] Appellant went on to assail appellee's affidavit as "false"[4] and argued that she could not have ultimately attained judgment in her favor in the bankruptcy proceeding.
 {¶ 6} On April 13, 2007, the court of common pleas entered summary judgment in favor of appellee on appellee's claim for negligence and on appellant's counterclaim for legal fees. The court determined that appellant's admissions demonstrated that no genuine issue of material fact existed with respect to the claim and counterclaim, and that appellee was entitled to judgment as a matter of law in the amount of $10,000. The court denied appellant's motion for summary judgment and denied a Civ.R. 11 motion that appellant had filed. Appellant timely appealed and advances five assignments of error for our review, as follows:
 I. DID THE TRIAL COURT ERR IN ITS FAILURE TO DISMISS APPELLEE'S COMPLAINT FOR ITS FAILURE TO MEET THE REQUIREMENTS OF ORC 11?
 II. DID THE TRIAL COURT ERR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE AS THE APPELLEE FAILED TO PROVIDE ANY EVIDENCE THAT THE APPELLANT BREACHED HIS DUTY OF CARE AND ACCEPTED STANDARDS OF LEGAL PRACTICE?
 III. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE AS APPELLEE FAILED TO PROVIDE ANY EVIDENCE OF DAMAGES? *Page 5 
 IV. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT BY NOT CONSIDERING EVIDENCE OTHER THAN GENERALIZED ADMISSIONS?
 V. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPLLEE [sic] BY FAILING TO GRANT JUDGMENT ON APPELLANT'S COUNTERCLAIM?
 {¶ 7} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183, 677 N.E.2d 343. We review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108, 652 N.E.2d 684, citing Ohio Bell Tel. Co. v. Pub. Util.Comm. (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286.
 {¶ 8} In support of his first assignment of error, appellant argues that the trial court erred in denying his motion to dismiss appellee's complaint for a violation of Civ.R. 11. Appellant sought dismissal of appellee's complaint based upon the fact that the original complaint contained only a stamped signature of appellee's then attorney-of-record, rather than an original signature. However, the record reflects that, after appellant filed his motion, appellee sought and received leave to amend her complaint, whereupon she filed an amended complaint bearing her counsel's original signature. Accordingly, the *Page 6 
trial court did not err in denying appellant's Civ.R. 11 motion to dismiss. For this reason, appellant's first assignment of error is overruled.
 {¶ 9} In support of his second assignment of error, appellant argues that the trial court erred in granting summary judgment on appellee's claim for legal malpractice because, without expert testimony, the evidence before the court on the element of breach of duty was insufficient to demonstrate the absence of genuine issues of material fact.
 {¶ 10} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss."Polivka v. Cox, Franklin App. No. 01AP-1023, 2002-Ohio-2420, ¶ 21, quoting Vahila v. Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, syllabus.
 {¶ 11} Appellant's second assignment of error is focused upon the element of breach of duty, so our analysis, too, is appropriately confined to that element.[5] In McInnis v. Hyatt Legal Clinics (1984),10 Ohio St.3d 112, 10 OBR 437, 461 N.E.2d 1295, the Supreme Court of Ohio held that, in a legal malpractice case, expert testimony is generally required in order to prove breach of the duty that the attorney owed to the plaintiff, unless the claimed breach of professional duty is "well within the common *Page 7 
understanding of * * * laymen * * *." Id. at 113; see, also,Whiteside v. Conroy, Franklin App. No. 05AP-123, 2005-Ohio-5098, ¶ 50. "Expert testimony is required so that the trier of fact does not have to speculate on the standard of care, particularly in a complex case involving * * * [matters] which are normally not within the realm of understanding of the layman." Northwestern Life Ins. Co. v. Rogers
(1989), 61 Ohio App.3d 506, 512, 573 N.E.2d 159. This "standard of care" has been described as that which "a reasonable attorney, similarly situated, would have * * * [done] under the circumstances."Brunstetter v. Keating, Trumbull App. No. 2002-T-0057, 2003-Ohio-3270, ¶ 18.
 {¶ 12} In the present case, the trial court determined that the breach of duty in this case is within the common understanding of laymen such that the court could dispense with the requirement of expert testimony as to that issue. We must determine if it was error for the court to do so.
 {¶ 13} This court has held that expert testimony is required to demonstrate breach of duty by failing to include certain claims in a complaint;[6] advising a client to voluntarily dismiss a bankruptcy action;[7] advising a client regarding proceedings in the Ohio Liquor Control Commission;[8] advising a client whether to appeal the denial of certain workers' compensation claims, and failing to obtain a particular disability award;[9] defending clients in mortgage foreclosure proceedings;[10] representing the accused in a trial on charges of *Page 8 
aggravated arson;[11] and negotiating a plea agreement in a prosecution for gross sexual imposition.[12]
 {¶ 14} In Northwestern Life, supra, the plaintiffs maintained that the defendant committed malpractice by failing to disclose a conflict of interest cognizable under the Code of Professional Responsibility then applicable to attorneys. This court held that because there could be instances where noncompliance with the Code of Professional Responsibility would not constitute malpractice, the plaintiffs were required to present expert testimony as to the details of the breach of the Code and how such a breach constituted malpractice. We held that the case was not one in which the breach of duty was "so patently obvious as to negate" the requirement for expert testimony. Id. at 512. InCompston v. Holzapfel (July 15, 1991), Clermont App. No. CA90-08-079, the court held that expert testimony was required to establish that an attorney's failure to file certain documents and do other acts in a domestic relations case, despite his client having asked him to do so, was a departure from the standard of care.
 {¶ 15} The present case is similar to Northwestern Life andCompston in that the task that appellee complains appellant failed to do — attach evidence to a memorandum opposing a motion for summary judgment — may or may not be a departure from the standard of care in an adversary proceeding in bankruptcy court, given the particular circumstances of appellee's case. Civ.R. 56 does not require that the non-moving party present evidence in order to demonstrate the existence of a material fact, and sometimes the non-moving party may demonstrate the existence of genuine issues of material fact *Page 9 
by pointing to the allegations in the pleadings, coupled with the moving party's evidence. It is not generally within the common understanding of lay persons whether it was a breach of an attorney's duty to fail to attach evidence in opposition to a motion for summary judgment in the particular type of litigation in which appellant represented appellee. Thus, under normal circumstances, appellee would be required to present expert testimony demonstrating the element of breach of duty.
 {¶ 16} However, as the trial court correctly noted, appellant's admissions established that, "without the use of an Affidavit to utilize with the Memorandum in Opposition to [the trustee's] Motion for Summary Judgment, no disputed material fact was presented." (Adm. No. 5.) This case is akin to the case upon which the trial court relied in dispensing with the expert testimony requirement. In Rafferty v. Scurry (1997),117 Ohio App.3d 240, 690 N.E.2d 104, the Twelfth Appellate District held that no expert testimony was necessary to establish breach of duty when the record included an unanswered (and thus admitted) request for admission that established that the defendant "breached his duty to appellee by failing to provide competent legal services * * *." Id. at 244. Though the admission in the present case does not contain the words "breach" or "duty," the breach of an attorney's duty of care is within the common understanding of lay persons where, as here, the defendant admits that he was aware of evidence that supported his client's position (Adm. No. 6), and that he nonetheless failed to present it (Adm. No. 4), even though he and his client conferred about the matter and agreed that the evidence would prevent an adverse judgment against the client.[13] *Page 10 
 {¶ 17} For these reasons, we conclude that the trial court did not err in dispensing with the requirement of expert testimony on the issue of breach of duty. Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} In support of his third assignment of error, appellant maintains that the trial court erred in granting summary judgment on appellee's negligence claim because the record contained insufficient evidence regarding damages. Specifically, he argues that summary judgment is precluded because appellant "has never proffered any agreement or evidence of payment of [the $10,000 settlement] amount." (Brief of Appellant, 8.)
 {¶ 19} Again, one of the essential elements of a cause of action for legal malpractice is damages suffered as a proximate result of the defendant's negligence. In appellee's affidavit attached to her motion for summary judgment, she averred, "I paid $10,000 to the Trustee" pursuant to a post-judgment settlement agreement. (Appellee Aff., ¶ 17.) Appellee's affidavit is sufficient to meet her burden under Civ.R. 56 with respect to the element of damages. Citibank, N.A. v. Lesnick, Lake App. No. 2005-L-013, 2006-Ohio-1448, ¶ 11. "When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact."Hoyt v. Nationwide Mut. Ins. Co., Franklin App. No. 04AP-941,2005-Ohio-6367, ¶ 23. Appellant has offered no evidence contradicting appellee's affidavit with respect to damages. Because the evidence was sufficient to prove the damages element of appellee's claim, appellant's third assignment of error is overruled.
 {¶ 20} In support of his fourth assignment of error, appellant argues that the trial court erred in entering summary judgment based upon the requests for admissions that *Page 11 
the trial court deemed admitted pursuant to Civ.R. 36. He argues that those admissions are too "general" and that appellee should have been required to provide more specific evidence as to the issues of material fact that appellant allegedly should have presented to the bankruptcy court. He argues that the trial court's judgment is unsupported by evidence that appellee would have had a chance of prevailing in her defense of the adversary proceeding.
 {¶ 21} In Vahila v. Hall (1997), 77 Ohio St.3d 421, 426,674 N.E.2d 1164, the Supreme Court of Ohio addressed the issue whether, in order to prove the element of causation, a plaintiff in a legal malpractice action must prove that he or she would have succeeded in the underlying litigation, absent the defendant's malpractice. The court explained:
 [W]e reject any finding that the element of causation in the context of a legal malpractice action can be replaced or supplemented with a rule of thumb requiring that a plaintiff, in order to establish damage or loss, prove in every instance that he or she would have been successful in the underlying matter(s) giving rise to the complaint. This should be true regardless of the type of representation involved. In fact, one legal authority has severely criticized imposing such a burden on victims of legal malpractice:
 "A standard of proof that requires a plaintiff to prove to a virtual certainty that, but for the defendant's negligence, the plaintiff would have prevailed in the underlying action, in effect immunizes most negligent attorneys from liability. No matter how outrageous and morally reprehensible the attorney's behavior may have been, if minimal doubt exists as to the outcome in the original action, the plaintiff may not recover in the malpractice action. Except in those rare instances where the initial action was a `sure thing,' the certainty requirement protects attorneys from liability for their negligence." *Page 12 
Id., citing Note, The Standard of Proof of Causation in Legal Malpractice Cases (1978), 63 Cornell L.Rev. 666, 670-671.
 {¶ 22} The court went on to state, "[w]e are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. * * * However, we cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim." Id. at 427-428.
 {¶ 23} In applying the foregoing principles set forth inVahila, this court has held that the plaintiff in a legal malpractice action need only "provide some evidence of the merits of the underlying claim." Frump v. Conley (Feb. 17, 2000), Franklin App. No. 99AP-561, 2000 Ohio App. LEXIS 538, at *10. We have also described the plaintiff's burden as that of demonstrating that the claims or defenses that the attorney allegedly negligently failed to assert were "at least colorable." Williams-Roseman v. Owen (Sept. 21, 2000), Franklin App. No. 99AP-871, 2000 Ohio App. LEXIS 4254, at *9; see, also, Nu-Trend Homes,Inc. v. Law Offices of DeLibera, Lyons Bibbo, Franklin App. No. 01AP-1137, 2003-Ohio-1633, ¶ 19. Therefore, the question presented by appellant's fourth assignment of error is whether appellee has presented some evidence of the merits of her defense to the bankruptcy trustee's adversary proceeding; that is, whether appellee's defense to the proceeding, which appellant allegedly negligently failed to present, is at least colorable. *Page 13 
 {¶ 24} This case is somewhat unique because appellant has admitted to facts demonstrating that appellee's defense was at least "colorable." "Pursuant to the express language of Civ.R. 36(A), requests for admissions are `self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admission.' * * * Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts * * *." Palmer-Donavin v. Hanna, Franklin App. No. 06AP-699, 2007-Ohio-2242, ¶ 10. (Citations omitted.)
 {¶ 25} Because appellant failed to timely respond to appellee's requests for admissions, it is conclusively established that evidence existed that would have created issues of material fact precluding summary judgment in favor of the bankruptcy trustee. (Adm. No. 6.) Though this may not demonstrate that appellee would have achieved an ultimate victory in the adversary proceeding, it is sufficient to satisfy the requirement that she show that she had a colorable defense. For these reasons, the trial court's judgment is supported by sufficient evidence as to the element of causation. As such, appellant's fourth assignment of error is overruled.
 {¶ 26} In support of his fifth and final assignment of error, appellant argues that the court should have granted his motion for summary judgment as to his counterclaim because appellee's reply to the counterclaim was stamped, not signed, by her attorney, and appellee never responded to appellant's two earlier motions for "default" premised upon the fact that the reply bore a stamped signature and not an original signature.
 {¶ 27} We note that the trial court never granted appellant's two earlier motions for "default." Moreover, the trial court never struck appellee's reply to appellant's *Page 14 
counterclaim, and it was not required to do so. Even assuming that a violation of Civ.R. 11 had occurred, the rule does not require that an unsigned pleading be stricken; rather, Civ.R. 11 provides that "if a pleading is not signed * * * it may be stricken as sham and false * * *." (Emphasis added.) Zukowski v. M/I Homes, Inc. (Mar. 10, 1994), Franklin App. No. 93AP-1096, 1994 Ohio App. LEXIS 940, at *5. There is no indication in the record that appellee's reply to appellant's counterclaim was a sham or false, or that appellant's substantial rights were affected by counsel's failure to sign the reply. Finally, appellant does not cite, and our research fails to reveal, any support for the proposition that a court must grant summary judgment as to any claim the answer to which, while not stricken, was not signed in accordance with Civ.R. 11. Appellant's fifth assignment of error is overruled.
 {¶ 28} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.Judgment affirmed.
KLATT and TYACK, JJ., concur.
[1] Appellee propounded requests for admissions to appellant, which the court of common pleas deemed admitted after they went unanswered. Therefore, these admissions constitute facts conclusively established as a result of appellant's failure to deny them. Civ.R. 36(A).
[2] Appellant's Memo Contra to Appellee's Motion for Summary Judgment, unnumbered page 6.
[3] The facts deemed admitted contradict these averments, and a party cannot challenge matters already conclusively established, due to his failure to respond to requests for admissions, by submitting a contradictory affidavit. Farah v. Chatman, Franklin App. No. 06AP-502,2007-Ohio-697, ¶ 16.
[4] Appellant's Memo Contra to Appellee's Motion for Summary Judgment, unnumbered page 15.
[5] As noted in paragraph 5, supra, appellant did not challenge the element of causation in the proceedings below. He did not argue that appellee's affidavit would not have been successful in preventing summary judgment; indeed, the parties apparently agreed that it would have prevented summary judgment.
[6] Williams-Roseman v. Owen (Sept. 21, 2000), Franklin App. No. 99AP-871.
[7] Corbitt v. McPherson (Oct. 31, 2000), Franklin App. No. 00AP-430.
[8] Party Dock, Inc. v. Nasrallah (Oct. 5, 2000), Franklin App. No. 99AP-1345.
[9] Chutes v. Larrimer Larrimer Law Firm (Mar. 18, 1997), Franklin App. No. 96APE08-997.
[10] O'Brien v. Moyer (Dec. 22, 1994), Franklin App. No. 94APE06-848.
[11] McLoughlin v. Weiner (Apr. 29, 1986), Franklin App. No. 85AP-1098.
[12] McIntire v. Scott (Mar. 27, 1986), Franklin App. No. 85AP-762.
[13] See ¶ 5 supra. *Page 1