OPINION *Page 2 
{¶ 1} Appellants, Gholamreza and Lois Vahdati'bana (individually "Gholamreza" and "Lois" and collectively "appellants"), have filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas granting summary judgment to appellees, Scott R. Roberts Associates Co., L.P.A. ("the Roberts firm"), Scott R. Roberts ("Roberts"), and Peggy Maguire ("Maguire") (collectively "appellees"). For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} The relevant facts are as follows. Appellants hired the Roberts firm to represent them in a personal injury action arising from an automobile accident that occurred on April 12, 2001 in which a motor vehicle driven by Gholamreza was struck from behind by another vehicle driven by Scott Downin. Damage to Gholamreza's vehicle was relatively light, but Gholamreza had to be treated at the scene and was transported to the hospital.
 {¶ 3} Gholamreza and Roberts signed a fee agreement regarding the representation. Lois did not sign the agreement, although she was subsequently named as a plaintiff in the lawsuit that was ultimately filed. Initially, representation in the case was assigned to Jennifer Langlois, an associate of the Roberts firm, but ultimately Maguire, another associate of the firm, took over the representation.
 {¶ 4} In the underlying personal injury action, appellants filed a motion for summary judgment on the issues of liability, proximate causation, and the reasonableness and necessity of the medical bills in the case. The defendants in that action filed a motion seeking an extension of time to respond to the summary judgment *Page 3 
motion, pursuant to Civ.R. 56(F), which was denied by the trial court, resulting in the motion being unopposed. The trial court granted appellants' motion for summary judgment, finding that appellants had met their initial burden for summary judgment purposes on those issues, and that the defendants had failed to meet their reciprocal burden due to their failure to file a response to the motion. The trial court found that there were genuine issues of material fact regarding the defense of contributory negligence defendants had asserted in their answer to the complaint.
 {¶ 5} On February 23, 2004, the personal injury case proceeded to trial, with Maguire acting as trial attorney for appellants. Roberts and Maguire each stated that their understanding at that point was that, given the trial court's grant of summary judgment on the issues of liability and proximate cause, the trial would be conducted solely on the issue of damages. However, for reasons that are unclear from the record before us, the trial court allowed the trial to proceed on the issue of proximate cause, and the defendants argued at trial that Gholamreza's injuries were related to a pre-existing injury. Appellants offered testimony from Drs. Korby and Higgins, each of whom had treated Gholamreza after the accident. Each gave as their opinion that Gholamreza's injuries were proximately caused by the April 12, 2001 accident. The jury found the defendants liable, but awarded no damages. Appellants filed a motion seeking a new trial, which was denied by the visiting judge who presided over the trial.
 {¶ 6} On June 17, 2005, appellants filed a complaint naming as defendants Roberts and the Roberts firm. The complaint essentially alleged legal malpractice as the cause of action, alleging that Roberts and the Roberts firm were professionally negligent *Page 4 
in the manner in which they represented appellants in the underlying personal injury case. Roberts and the Roberts firm filed an answer and counterclaim seeking recovery for expenses advanced as part of the personal injury litigation from appellants, as well as appellants' counsel personally.[1] Roberts and the Roberts firm later filed a third-party complaint against Maguire, after which appellants filed a cross-claim against Maguire.
 {¶ 7} On February 23, 2007, Roberts and the Roberts firm filed a motion for summary judgment seeking dismissal of appellants' legal malpractice claim. Maguire then filed her motion for summary judgment on February 27, 2007.[2] On March 7, 2007, appellants filed a motion seeking an extension of time to file their memorandum contra the motions for summary judgment pursuant to Civ.R. 56(F). In the Civ.R. 56(F) motion, appellants' counsel argued that he had just received the transcript of Roberts' deposition, that Maguire's deposition had not yet been scheduled, and that this made it impossible to formulate a response to the motions for summary judgment. Counsel further argued that additional time was necessary to allow appellants to obtain an affidavit or deposition from Dr. Miner, the surgeon who had treated Gholamreza's back both before and after the accident, and to allow appellants' expert witness regarding legal malpractice to review all of the depositions. The motion did not specify a time frame in which appellants' memorandum contra would be filed, but in an affidavit attached to the Civ.R. 56(F) motion, appellants' counsel stated that approximately 45 days would be required. *Page 5 
 {¶ 8} The trial court never issued a ruling on appellants' Civ.R. 56(F) motion. On May 21, 2007, the trial court's staff attorney held a status conference at which appellants' counsel was apparently directed to file a memorandum contra by May 25, 2007. The trial court did not issue an entry journalizing the May 25 deadline.
 {¶ 9} The trial court signed a judgment entry granting appellees' motions for summary judgment. The entry included an ink stamp stating that the entry terminated the case and constituted a final appealable order. The termination stamp was dated June 5, 2007, but the date stamp from the clerk of courts indicates that the entry was not filed until June 20, 2007. In the entry, the trial court stated that, "[t]his Court directed Plaintiffs at the Final Pretrial Conference to respond for [sic] the Motions for Summary Judgment but the Plaintiffs did not do so in the time requested by the Court. Therefore, as the Motions for Summary Judgment remain unopposed, there is no genuine issue of material fact, and Defendants are entitled to judgment as a matter of law." The trial court then dismissed the case with prejudice.
 {¶ 10} On June 7, 2007, appellants filed their memorandum contra appellees' motions for summary judgment, without ever having sought the court's permission to file untimely. On June 12, 2007, appellants' counsel, apparently having been made aware that the trial court had granted appellees' motions for summary judgment even though the entry had not yet been filed, filed a motion asking the trial court to reconsider its decision granting the motions. Also on June 12, 2007, Roberts and the Roberts firm filed a notice voluntarily dismissing their counterclaim for recovery of costs advanced during the underlying personal injury case pursuant to Civ.R. 41(A). *Page 6 
 {¶ 11} Appellants filed this appeal, alleging six assignments of error:
 ASSIGNMENT OF ERROR NO. I:
 The Trial Court erred as a matter of law when it granted Defendants' Motions for Summary Judgment on the grounds that they were unopposed even though Defendants' Motions were insufficient to sustain such a ruling.
 ASSIGNMENT OF ERROR NO. II:
 The Trial Court erred as a matter of law when it failed to consider all pleadings and court filings including the deposition of Plaintiff when granting Defendants' Motions for Summary Judgment on the grounds that they were unopposed.
 ASSIGNMENT OF ERROR NO. III:
 The Trial Court erred as a matter of law and to the prejudice of the Plaintiffs when it failed to give Plaintiffs notice of when it was going to rule on Defendants' Motions for Summary Judgment thereby precluding the Plaintiffs an opportunity to timely file their Memorandum Contra Motions for Summary Judgment.
 ASSIGNMENT OF ERROR NO. IV:
 The Trial Court violated Local Rules and failed to record said Judgment in a timely fashion with the Clerk's Office.
 ASSIGNMENT OF ERROR NO. V:
 The Trial Court failed to properly rule on Plaintiffs' Civ.R. 56(F) motion and failed to journalize an Entry establishing a date for the filing of responsive memoranda to the Defendants' Motions for Summary Judgment.
 ASSIGNMENT OF ERROR NO. VI:
 The Trial Court erred to Plaintiffs' prejudice when it failed to rule on Plaintiffs' Motion for Reconsideration prior to the filing of the Entry dismissing Plaintiffs' case.
 {¶ 12} For ease of discussion, we will address appellants' assignments of error out of order. In their fourth assignment of error, appellants argue that the trial court violated *Page 7 
local rules by failing to file the judgment entry granting appellees' motions for summary judgment in a timely fashion. Sup.R. 7(A) provides that a judgment entry "shall be filed and journalized within thirty days of the verdict, decree, or decision."
 {¶ 13} In this case, the date on which the trial court issued its decision granting appellees' motions for summary judgment is not clear. The parties assume the date of the trial court's decision was June 5, 2007, the date written on the termination stamp that was placed on the entry. The date on the termination stamp is placed there for purposes of the trial court's case reporting requirements as set forth in Sup.R. 37, and therefore does not necessarily reflect the date on which the trial court rendered its decision. Regardless of the precise date on which the trial court rendered its decision, it is clear that the decision was rendered some time between May 21, 2007, the date of the court's status conference, and June 20, 2007, the date the entry was filed with the clerk of courts. Therefore, the trial court did not fail to record the judgment in this case in a timely fashion. Accordingly, appellants' fourth assignment of error is overruled.
 {¶ 14} In their sixth assignment of error, appellants argue that the trial court erred when it failed to issue a ruling on their motion for reconsideration prior to the date on which the judgment entry was filed and journalized by the clerk of courts. When a trial court enters judgment prior to ruling on a pending motion, that motion is considered to have been implicitly denied. Akron v. Molyneaux (2001),144 Ohio App.3d 421, 760 N.E.2d 461. Consequently, the failure to rule on the motion is not, by itself, a basis for us to reverse the trial court's judgment.
 {¶ 15} Moreover, in this case, the motion in question was a motion for reconsideration. Generally, a trial court's interlocutory decisions are subject to *Page 8 
reconsideration, either sua sponte or on motion, before final judgment is entered in a case. See Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, fn. 1, 21 O.O.3d 238, 423 N.E.2d 1105. However, once the trial court's decision became final upon its filing and journalization by the clerk of courts, the court no longer had the authority to reconsider its decision.
 {¶ 16} Consequently, the trial court did not err in failing to rule on appellants' motion for reconsideration, and appellants' sixth assignment of error is overruled.
 {¶ 17} Appellants' third and fifth assignments of error are interrelated, and will therefore be addressed together. In their fifth assignment of error, appellants argue that the trial court failed to rule on their Civ.R. 56(F) motion, and erred in failing to issue an order setting forth the date by which appellants were required to file their memorandum contra appellees' motions for summary judgment. In their third assignment of error, appellants argue that the trial court failed to give proper notice of the date upon which it would issue its ruling on the motions for summary judgment, thus depriving appellants of their opportunity to file their memorandum contra.
 {¶ 18} The Ohio Supreme Court has held that a trial court is not required to notify the parties of the deadline for filing a response to a motion for summary judgment, if a local rule provides adequate notice of the date. Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829, 795 N.E.2d 648. Loc.R. 21.01 of the Franklin County Court of Common Pleas provides that the party opposing a motion must serve an answer brief responding to the motion on or before the 14th day after the date of service of the motion. The rule further provides that the motion is deemed submitted to the court for decision on the 28th day after the motion was filed. Since Loc.R. 21.01 provided adequate notice of *Page 9 
the date by which appellants were required to submit their memorandum contra the motions for summary judgment, and the date upon which the motion would be deemed submitted for decision, the trial court was not required to provide additional notice regarding when a decision on the motion would be rendered.
 {¶ 19} The trial court never ruled on appellants' Civ.R. 56(F) motion to extend the time in which to respond to appellees' motions for summary judgment. Consequently, we must consider the motion to have been denied.Akron v. Molyneaux, supra. Generally, a trial court's decision to grant or deny a Civ.R. 56(F) motion is reviewed under the abuse of discretion standard. Singleton v. Ohio Concrete Resurfacing, Inc., Franklin App. No. 06AP-991, 2007-Ohio-2012. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 20} We cannot say the trial court abused its discretion in the manner in which it dealt with appellants' Civ.R. 56(F) motion because, although we must deem the motion as having been denied because it was never ruled on, as a practical matter appellants did receive significant additional time within which to file their memorandum contra the motions for summary judgment. In an affidavit attached to their Civ.R. 56(F) motion, appellants' counsel stated that a response to the motions could be formulated in approximately 45 days. The trial court did not rule on the motions for summary judgment until well over 45 days after appellants filed their Civ.R. 56(F) motion. Consequently, if appellants had filed their memorandum contra within the time frame set forth in their *Page 10 
motion, the memorandum contra would have been part of the record at the time the trial court considered the motions for summary judgment.
 {¶ 21} Appellants also argue that the trial court erred when it failed to issue an order journalizing the May 25, 2007 deadline for filing a memorandum contra that was set during the May 21, 2007 status conference. The better practice would have been for the trial court to issue and journalize a case scheduling order memorializing the deadline communicated at the status conference. However, the facts remain that the trial court had not ruled on appellants' Civ.R. 56(F) motion, and the time for filing a memorandum contra as called for under the local rules had passed. Furthermore, under the case scheduling order that had been issued at the time the case was filed, which had not been amended, the case was scheduled to go to trial on June 18, 2007. Thus, even in the absence of an order journalizing the May 25, 2007 deadline, appellants' counsel should have been aware of the possibility that the trial court would be rendering a decision on the motions, and should have taken steps to ensure that appellants' response would be considered timely filed.
 {¶ 22} Consequently, appellants' third and fifth assignments of error are overruled.
 {¶ 23} In their first and second assignments of error, appellants argue that the trial court erred in granting appellees' motions for summary judgment on the grounds that the motions were unopposed, without properly considering whether appellees had met their burden under Civ.R. 56(C), and without properly considering all evidentiary materials in the record.
 {¶ 24} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is *Page 11 
proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd.,78 Ohio St.3d 181, 183, 1997-Ohio-221, 677 N.E.2d 343. We construe the facts in the record in a light most favorable to appellant, as is appropriate on review of a summary judgment. We review questions of law de novo.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm, 73 Ohio St.3d 107,108, 1995-Ohio-214, 652 N.E.2d 684, citing Ohio Bell Tel. Co. v. Pub.Util. Comm. (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286.
 {¶ 25} Under summary judgment motion practice, the moving party bears an initial burden to inform the trial court of the basis for its motion, and to point to portions of the record that indicate that there are no genuine issues of material fact on a material element of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264. Once the moving party has met its initial burden, the nonmoving party must produce competent evidence establishing the existence of a genuine issue for trial. Id.
 {¶ 26} Consequently, in this case the trial court erred when it granted appellees' motions for summary judgment solely on the ground that they were unopposed, without reviewing appellees' motions to determine whether they had met their initial burden under Civ.R. 56(C). However, because our standard of review is de novo, if summary judgment was appropriate based upon our own review of the record, we must still affirm the trial *Page 12 
court's judgment, even if the grounds upon which it based its decision were incorrect. See Gouhin v. Giant Eagle, Franklin App. No. 07AP-548,2008-Ohio-766.
 {¶ 27} In their complaint against Roberts and the Roberts firm, appellants asserted that Roberts and the Roberts firm were negligent in their trial preparation and presentation and were negligent in their training and supervision of associates Maguire and Langlois, that Roberts failed to participate in the trial in spite of appellants' expectation that he would, that Roberts failed to file an appeal on appellants' behalf, and that Roberts represented appellants in spite of the existence of a conflict of interest arising from the fact that the firm had previously represented the defendant driver in the underlying personal injury case in other litigation. In their cross-claim that was ultimately filed against Maguire, appellants asserted that Maguire was negligent in the manner in which she represented appellants in the preparation and trial of the underlying personal injury case. Specifically, appellants argue that Maguire was negligent in failing to call another witness during the underlying personal injury trial, Dr. Miner, who could have provided testimony that Gholamreza's back surgery after the car accident was not related to the earlier back injury for which Gholamreza had undergone surgery.
 {¶ 28} In their complaint, appellants alleged as their cause of action a claim of legal malpractice. In order to prevail on a claim for legal malpractice based on negligent representation, a plaintiff must establish: (1) that the attorney owed a duty or obligation to the plaintiff; (2) that the attorney breached that obligation and failed to conform to the standard required by law; and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. Goldberg v. Mittman, Franklin App. No. *Page 13 
07AP-304, 2007-Ohio-6599; Vahila v. Hall, 77 Ohio St.3d 421,1997-Ohio-259, 674 N.E.2d 1164.
 {¶ 29} In support of their motion for summary judgment, Roberts and the Roberts firm argued that appellants could not establish that either Roberts or Maguire breached the obligation owed to appellants and failed to conform to the standard of conduct required by law. Specifically, Roberts and the Roberts firm argued that Maguire's failure to call Dr. Miner as a witness was reasonable trial strategy given that two other expert witnesses, Drs. Korby and Higgins, were called and testified that Gholamreza's injuries were related to the car accident. Roberts and the Roberts firm further argued that Maguire's conduct of the trial was reasonable in light of the fact that, until the day of the trial, the understanding was that the issue of proximate cause had already been decided in appellants' favor by way of their motion for summary judgment, thus resulting in counsel being surprised when the trial was held on more than simply the issue of damages.
 {¶ 30} In support of their motion for summary judgment, Roberts and the Roberts firm attached an affidavit executed by Roberts. In the affidavit, Roberts outlined the circumstances regarding the underlying personal injury trial, and stated that, "[a]t all times my conduct met the appropriate standard of care for an attorney licensed to practice law in the State of Ohio with regard to the handling of [appellants'] case. Also, it is my opinion that Peggy Maguire's conduct met the appropriate standard of care with regard to [appellants'] case." Roberts affidavit, at ¶ 11. In her motion for summary judgment, Maguire echoed the arguments raised by Roberts and the Roberts firm in their motion. *Page 14 
 {¶ 31} A defendant in a legal malpractice action may testify as to whether he or she met the applicable standard of care, and independent expert testimony on that issue is therefore not required. Roselle v.Nims, Franklin App. No. 02AP-423, 2003-Ohio-630. Roberts' affidavit, in which he stated that his conduct in appellants' case met the appropriate standard of care, and that Maguire's conduct also met the appropriate standard of care, was sufficient to carry appellees' initial burden under Civ.R. 56(C). Consequently, under Dresher, supra, the burden shifted to appellants to point to materials in the record that demonstrated the existence of genuine issues of material fact.
 {¶ 32} As discussed in our disposition of appellants' third and fifth assignments of error, appellants' memorandum contra was not timely filed. Because the memorandum contra was not timely filed under Civ.R. 56(C) or Loc.R. 21.01, we decline to consider the evidentiary materials attached to the memorandum in conducting our review.
 {¶ 33} Appellants argue that Gholamreza's deposition testimony, a transcript of which was timely filed with the trial court, is sufficient by itself to show the existence of genuine issues of material fact regarding whether appellees' conduct fell below the required standard of care. Generally, in legal malpractice cases, expert testimony is required to prove that an attorney's conduct breached the duty that the attorney owed to the plaintiff, unless the claimed breach is "well within the common understanding of * * * laymen * * *."Goldberg, supra, quoting McInnis v. Hyatt Legal Clinics (1984),10 Ohio St.3d 112, 113, 10 OBR 437, 461 N.E.2d 1295.
 {¶ 34} In this case, the conduct complained of involved Maguire's failure to call Dr. Miner as an additional witness in the underlying personal injury case to support appellants' claim that Gholamreza's injuries from the car accident were not related to his *Page 15 
prior back injury, Roberts' failure to supervise Maguire's preparation for the trial and failure to be sufficiently involved in the conduct of the trial, and Roberts' representation of appellants in spite of the existence of a possible conflict of interest stemming from the prior representation in separate litigation of the defendant driver in the personal injury case. We cannot say that these issues are sufficiently within the common understanding of laymen such that appellants were not required to provide expert testimony as to whether appellees' conduct fell below the appropriate standard of care. See Goldberg, supra. Consequently, Gholamreza's deposition testimony regarding appellees' conduct of the underlying personal injury trial was not sufficient to meet appellants' reciprocal burden for purposes of the summary judgment motions.
 {¶ 35} Appellees have assumed for purposes of their motions for summary judgment and on appeal that appellants' complaint included a claim against Roberts and the Roberts firm for negligent supervision separate from the claim for legal malpractice. Appellants' complaint contained headings labeled "Count One" and "Count Two," with the first count setting forth Gholamreza's claims and the second count setting forth Lois' claims. Under the first count, the complaint states, "Defendants' [sic] herein were negligent in their trial preparation and trial presentation on behalf of Plaintiff which proximately resulted in an adverse jury verdict to Plaintiffs. In addition, Defendants were negligent in their training and supervision of Jennifer Langlois and Maguire and allowing an inexperienced attorney to try this complex personal injury case." Complaint, at ¶ 9. Although it is not clear from the wording of the complaint whether appellants intended to set forth a separate claim for negligent supervision, or whether their claim regarding Roberts and the Roberts firm's training and supervision of Maguire and Langlois was part *Page 16 
of their claim for legal malpractice. It is at least arguable under liberal notice pleading rules that appellants' complaint did set forth a claim for negligent supervision separate from their legal malpractice claim. Therefore, we will consider whether summary judgment is appropriate on such a claim.
 {¶ 36} The elements of a claim for negligent supervision are: (1) the existence of an employment relationship, (2) incompetence of the employee, (3) the employer's actual or constructive knowledge of the employee's incompetence, (4) an act or omission by the employee that caused damage to the plaintiff, and (5) negligent retention of the employee by the employer that proximately caused the plaintiff's injuries. Payton v. Receivables Outsourcing, Inc., 163 Ohio App.3d 722,2005-Ohio-4978, 840 N.E.2d 236.
 {¶ 37} The Roberts affidavit attached to the motion for summary judgment addressed itself to the elements of negligent supervision as well as to the elements of legal malpractice. In the affidavit, Roberts stated that he held monthly meetings to determine whether any of his associates needed help with cases assigned to them, and further stated that, in his opinion, Maguire was competent to handle appellants' personal injury case, and was not negligent in her conduct of the case. Roberts affidavit, at ¶ 10-11. This affidavit was sufficient to meet appellees' burden on summary judgment as to the elements of the employee's competence and the employer's actual or constructive knowledge regarding the employee's competence. Consequently, appellants' failure to point to any timely filed materials in the record pointing to genuine issues of material fact regarding the issue of negligent supervision made summary judgment appropriate. *Page 17 
 {¶ 38} Consequently, appellants' first and second assignments of error are overruled. Having overruled all of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH, P.J., and FRENCH, J., concur.
[1] The trial court subsequently granted a motion to dismiss the claims against appellants' counsel.
[2] Appellants point out that Maguire filed her motion for summary judgment after the date set as the cutoff for filing dispositive motions in the court's case scheduling order, and argue that her motion should not have been considered. However, appellants neither filed a timely motion to strike the motion for summary judgment, nor filed a timely response to the motion, and consequently failed to preserve the issue of whether the motion should have been considered. See Cheap Escape Co.,Inc. v. Tri State Const, 173 Ohio App.3d 683, 2007-Ohio-6185,880 N.E.2d 122. *Page 1