[Cite as *Tobin v. Steptoe & Johnson, P.L.L.C.*, 2018-Ohio-2957.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

James M. Tobin, Individually and as     :
Administrator of the Estate of
Bruce Tobin, Deceased,     :

       Plaintiff-Appellant,     :       No. 17AP-821
                                             (C.P.C. No. 17CV-4040)
v.     :

Steptoe & Johnson, PLLC,     :       (ACCELERATED CALENDAR)

       Defendant-Appellee.     :

---

## D E C I S I O N

### Rendered on July 26, 2018

---

**On brief:** *James M. Tobin*, pro se. **Argued:** *James M. Tobin.*

**On brief:** *Porter Wright Morris & Arthur, LLP*, and *Robert W. Trafford,* for appellee. **Argued:** *Robert W. Trafford.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, James M. Tobin, individually and as administrator of the estate of Bruce Tobin, deceased, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Steptoe & Johnson, PLLC ("Steptoe & Johnson"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On April 28, 2017, Tobin, individually and as administrator of the estate of his deceased son, Bruce Tobin, initiated a pro se action against Steptoe & Johnson alleging legal malpractice in connection with the unsuccessful prosecution of a wrongful death claim against the hospital where Bruce died, University Hospital East ("Hospital"). In September

2017, Steptoe & Johnson moved for summary judgment, arguing that the action was barred by the applicable statute of limitations, and that the action also failed as a matter of law because Steptoe & Johnson, the only named defendant, cannot be directly liable for legal malpractice. The trial court granted Steptoe & Johnson's motion for summary judgment and dismissed Tobin's complaint with prejudice. Tobin timely appeals.

## II. Assignment of Error

{¶ 3} Tobin's appellate merit brief does not expressly set forth any assignment of error as required under App.R. 16(A)(3). His failure to comply with the requirements of App.R. 16(A) is grounds to dismiss the appeal. *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5, citing App.R. 3(A) and App.R. 18(C). However, it is within our discretion to review the matter on the merits. *Tonti v. Tonti*, 10th Dist. No. 06AP-732 (May 31, 2007). Accordingly, here we will construe Tobin's brief as setting forth the following sole assignment of error:

> The trial court erred in granting summary judgment in favor of
> Steptoe & Johnson.

## III. Discussion

{¶ 4} Appellate review of summary judgment is de novo. *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12. Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280,

293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 6} Here, Tobin sued Steptoe & Johnson for allegedly committing legal malpractice. To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. *Goldberg v. Mittman*, 10th Dist. No. 07AP-304, 2007-Ohio-6599, ¶ 10. " 'The term "malpractice" refers to professional misconduct, i.e., the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances.' " (Emphasis omitted.) *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, ¶ 15, quoting *Strock v. Pressnell*, 38 Ohio St.3d 207, 211 (1988), citing 2 Restatement of the Law 2d, Torts, Section 299A (1965); *see Illinois Natl. Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.*, 10th Dist. No. 10AP-290, 2010-Ohio-5872, ¶ 15 ("Claims arising out of an attorney's representation, regardless of their phrasing or framing, constitute legal malpractice claims.").

{¶ 7} Pursuant to an engagement agreement signed in May 2012, Tobin retained Steptoe & Johnson in connection with the administration of the estate of Bruce Tobin for the purpose of evaluating and prosecuting a wrongful death claim. In November 2012, and by separate agreement, Tobin retained Steptoe & Johnson to prosecute the wrongful death claim on behalf of the estate of Bruce Tobin. Soon thereafter, an attorney with Steptoe & Johnson filed a complaint on behalf of the estate against the Hospital in the Court of Claims

of Ohio.  After a four-day trial in February 2015, the Court of Claims granted judgment in favor of the Hospital.  On March 2, 2015, a Steptoe & Johnson attorney timely filed a notice of appeal from the Court of Claims' judgment on behalf of the estate.  Approximately two weeks later, Steptoe & Johnson and its attorneys moved to withdraw as appellate counsel for the estate, which this court granted.  A few days before that withdrawal, Tobin accused Steptoe & Johnson of committing malpractice at trial and he informed the firm he had begun drafting a complaint against it.  Thereafter, Steptoe & Johnson provided no additional legal services to Tobin in connection with the wrongful death claim.

{¶ 8}  Tobin's claim against Steptoe & Johnson fails because he did not name any individual attorney as a defendant in his lawsuit against the firm.  A law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice. *Wuerth* at paragraph one of the syllabus.  But a law firm may be vicariously liable for the legal malpractice of its principals or associates based on the agency relationship between a law firm and its attorneys.  *Wuerth* at ¶ 22.[1]  " '[T]he liability for the tortious conduct flows through the agent by virtue of the agency relationship to the principal.' "  *Id.*, quoting *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 20, citing *Losito v. Kruse*, 136 Ohio St. 183 (1940), and *Herron v. Youngstown*, 136 Ohio St. 190 (1940).  Consequently, "a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice."  *Wuerth* at ¶ 26.  Thus, any liability of Steptoe & Johnson for legal malpractice would necessarily depend on Tobin proving that one or more firm attorneys committed malpractice.  Because Tobin did not sue any individual attorney, Steptoe & Johnson is entitled to judgment as a matter of law.

{¶ 9}  Additionally, Tobin's claim against Steptoe & Johnson is barred by the applicable statute of limitations.  A party must file a claim for legal malpractice within one year of the time the cause of action accrues.  R.C. 2305.11(A); *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶ 4.  An action for legal malpractice accrues "when there is a cognizable event whereby the client discovers or should have discovered that his injury was

---

[1] Also, as noted in former Chief Justice Thomas Moyer's concurring opinion in *Wuerth*, the Supreme Court's holding in that case did not "foreclose the possibility that a law firm may be directly liable on a cause of action other than malpractice." *Wuerth* at ¶ 35.  But that possibility of a viable cause of action pursued directly against a law firm is not at issue here because Tobin's claim against Steptoe & Johnson is for legal malpractice.

related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus.

{¶ 10} Here, Steptoe & Johnson's representation of Tobin in the wrongful death matter formally ceased on March 18, 2015, when this court granted the firm's request to withdraw as counsel in the appeal. Further, the evidence before the trial court demonstrated that, a few days before that withdrawal, Tobin sent a communication to Steptoe & Johnson essentially alleging malpractice by its attorneys in connection with the prosecution of the wrongful death action. Thus, the statute of limitations required Tobin to file his legal malpractice action by March 18, 2016. He filed his action against Steptoe & Johnson on April 28, 2017. Therefore, Tobin's legal malpractice claim against Steptoe & Johnson is time-barred.

{¶ 11} Accordingly, Tobin's legal malpractice claim against Steptoe & Johnson fails as a matter of law on two independent bases. Because the trial court properly granted summary judgment in favor of Steptoe & Johnson, we overrule Tobin's sole assignment of error.

## IV. Disposition

{¶ 12} Having overruled Tobin's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.