DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas which granted judgment in favor of appellees and held that appellants had failed to establish their claim of adverse possession by clear and convincing evidence. For all of the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellants, John and Melissa Bowlander, set forth the following three assignments of error: *Page 2 
 {¶ 3} "ASSIGNMENT OF ERROR NUMBER ONE. The trial court erred in granting judgment for the appellees and denying judgment to the appellants.
 {¶ 4} "ASSIGNMENT OF ERROR NUMBER TWO. The trial court erred in finding that the appellants failed to prove by clear and convincing evidence adverse possession of the strip of land at issue.
 {¶ 5} "THE ASSIGNMENT OF ERROR NUMBER THREE. The trial court erred in finding that the appellants' continued possession of the parcel in question constitute [sic] a trespass for which appellants are entitled to damages."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. This case arises from a land boundary dispute involving adjacent property owners in Allen Township, Ottawa County, Ohio. Appellants own a ten acre parcel of property situated immediately north of appellees' 34.25 acre property. On November 4, 2002, appellees acquired their property and subsequently had a formal survey performed to ascertain the precise parcel boundaries. All parties stipulate that the actual property line demarcating the parcels is the line reflected in appellees' deed and verified by appellees' survey.
 {¶ 7} In August 2003, appellee Kenneth Mapes retained a surveyor in order to precisely delineate his northern property line. Mapes intended to install a new row of trees on the property line. In conjunction with the new trees, Mapes planned to simultaneously install new fencing on the northern property line to preclude *Page 3 
snowmobilers and four wheel recreational vehicles from accessing and utilizing his private property for their personal outdoor sporting activities.
 {¶ 8} Upon officially confirming his northern property boundary line via the survey, Mapes informed appellants that a row of trees they had planted in the early 1990s was actually situated upon appellees' property. Mapes heard nothing more from appellants regarding the matter after advising them of the issue.
 {¶ 9} In 2005, appellants retained a separate surveyor to survey their ten acre parcel. Appellants' survey established a purported line of occupation for adverse possession purposes claiming appellants were entitled to an angled strip of appellees' land extending 19.1 feet onto appellees' property on its eastern end and narrowing to 9.9 feet as the northern property line proceeds west.
 {¶ 10} On July 25, 2005, appellants filed a complaint against Kenneth and Kathryn Mapes claiming entitlement to the above referenced strip of Mapes' parcel on the basis of adverse possession. On August 20, 2007, the unresolved case proceeded to a bench trial. During the course of trial, the court was furnished an array of conflicting and often obtuse testimony. The court heard the testimony of the parties' opposing surveyors, the testimony of appellees, the testimony of appellees' predecessor-in-interest who had grown up on the site, the testimony of a witness who had previously farmed the parcel under its prior owner, and the testimony of appellant John Bowlander.
 {¶ 11} On January 9, 2008, the trial court issued its judgment. The court held that appellants had failed to prove adverse possession by clear and convincing evidence. The *Page 4 
court simultaneously ruled that appellants' ongoing occupation of appellees' land constituted trespass and set an evidentiary hearing for damages.
 {¶ 12} On March 17, 2008, the damages hearing was conducted. At its conclusion, the trial court determined that appellees had not furnished evidence sufficient to establish a quantifiable adverse impact on property value so as to constitute actual damages. Accordingly, the court awarded nominal damages of $100. Timely notice of appeal was filed.
 {¶ 13} Appellants' first two assignments of error are both rooted in the common premise that the trial court erred in finding that appellants had failed to prove adverse possession by clear and convincing evidence. As such, the assignments will be jointly addressed.
 {¶ 14} The Supreme Court of Ohio has established that in order to warrant acquiring title to another's property by adverse possession, one must prove by clear convincing evidence the exclusive, open, notorious, continuous and adverse use of a specific parcel for a period of 21 years. Grace v. Koch (1998), 81 Ohio St.3d 577, 581. Adverse possession claims are treated with judicial disfavor given the underlying nature of such a claim. When one prevails on an adverse possession claim, it operates so as to require a legal title holder to forfeit ownership to private property without compensation. Id. at 580. Such a harsh and extreme result underlies the judicial scrutiny and general disfavor of such claims. *Page 5 
 {¶ 15} In order to be deemed "adverse" for evidentiary purposes, the nature of the non-owner occupier's use of the property must be sufficient to clearly manifest an intention to claim title such that it gives notice to the owner of both the claim itself as well as the extent of the claim. Humphries v. Huffman (1878), 33 Ohio St. 395, 402.
 {¶ 16} We must apply the above-guiding legal principles to the record of evidence to ascertain whether appellants satisfied this substantial evidentiary burden and demonstrated the elements of adverse possession by clear and convincing evidence.
 {¶ 17} Our review of the evidence presented to the trial court reveals that there was no clear and unambiguous evidence presented establishing the precise boundaries of the land to which appellants believed to be entitled by adverse possession. Appellants' original complaint was based upon an alleged line of occupancy which was later altered in a subsequent amended complaint.
 {¶ 18} Ultimately, the evidence and testimony submitted to the trial court was inconclusive as to what precisely was being claimed as the line of occupation. The precise boundaries of the parcel sought to be usurped by operation of law was unclear.
 {¶ 19} When encouraged upon direct examination to describe with precision the extent of the land he was claiming, appellant was unable to clearly and convincingly do so in the context of the balance of the evidence. Appellant Bowlander testified, "I am claiming the strip from the road to that tree. That is all I am claiming. I'm claiming what is there and has been there for 150 years, never varied, changed. That is what I am *Page 6 
claiming." This testimony did not comport with the testimony of appellant's expert, whose proffered line of occupation was not consistent with the one offered by appellant.
 {¶ 20} In addition, appellant significantly disclosed in his testimony that appellees began to mow a grassy strip previously mowed by Bowlander encompassed in the disputed area of property after their acquisition of their property. Appellant testified, "I mow [sic] that grassy strip up until the Mapes showed up, and then they decided they would mow it." This testimony could reasonably be construed as constituting an interruption in the element of continuity. In addition, testimony furnished by a witness who previously farmed appellees' property and by the daughter of the prior owner of appellees' property during the requisite time directly contradicted Bowlander's testimony regarding the purported line of occupancy.
 {¶ 21} We find that the record of evidence shows that appellants failed to furnish clear and convincing evidence of adverse possession in support of their claimed entitlement to the disputed parcel owned by appellees. We find appellants' first two assignments of error not well-taken.
 {¶ 22} In appellants' third assignment of error, they contend that the trial court erred in finding that appellees are entitled to damages for trespass. Following a thorough evidentiary hearing on damages, appellees were awarded nominal damages of $100.
 {¶ 23} Based upon our review of the record, we concur with the trial court's conclusion that appellees failed to demonstrate actual damages in the form of a specific property value depreciation as a result of appellants' trespassing upon the contested strip *Page 7 
of land. As such, the award of nominal damages was proper. We find appellants' third assignment of error not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the cost of its appeal pursuant to App. R. 24. Judgment for the clerk's expenses incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1