[Cite as *Spring v. Wick*, 2014-Ohio-2879.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| NICOLE MARIE SPRING, RN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3163** |
| BRUCE TYLER WICK, ESQ., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2012 CVF 1173.

Judgment: Affirmed.

*Edward T. Brice*, Newman & Brice, L.P.A., 214 East Park Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Bruce Tyler Wick*, pro se, P.O. Box 45148, Westlake, OH 44145 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Bruce Tyler Wick, Esq., appeals from the judgment entry of the Chardon Municipal Court, adopting the decision of its magistrate in favor of Nicole Marie Spring, R.N., in an action for monies owed. Mr. Wick contends the trial court impermissibly denied him the opportunity to object to the magistrate's decision. Finding no merit in this contention, we affirm.

{¶2} Mr. Wick was the executor of his mother's estate. In April 2011, he telephoned Nurse Spring, requesting her to review medical documents, and prepare an

affidavit of merit, Civ.R. 10(D)(2), in relation to a malpractice and wrongful death action against his late mother's nursing home, and other defendants. She agreed. September 5, 2011, Mr. Wick sent Nurse Spring a personal check for $500 as a retainer. She reviewed the documents he sent, and prepared an affidavit of merit. Thereafter, Nurse Spring sent Mr. Wick several invoices for the balance of her fee, which he did not pay. Eventually, he informed her she would get paid from the proceeds of the lawsuit.

{¶3} June 27, 2012, Nurse Spring filed a small claims complaint with the trial court, requesting $1,453.48, plus interest. August 9, 2012, Mr. Wick counterclaimed, contending Nurse Spring had breached an agreement to accept her fee from the settlement proceeds of the malpractice action, and that he was improperly sued in his personal capacity, rather than as his mother's executor. August 13, 2012, Mr. Wick moved to transfer the case to the trial court's regular docket, which motion was granted. August 14, 2012, Arthur F. Clarke, Esq., noticed his appearance as Mr. Wick's counsel.

{¶4} The trial court referred the case to mediation, which failed. June 13, 2013, Nurse Spring moved for summary judgment, which Mr. Wick opposed. The trial court denied the motion for summary judgment July 10, 2013.

{¶5} The trial court's magistrate conducted trial July 18, 2013. He filed a detailed, two page decision August 1, 2013. The magistrate found there was no dispute whether Nurse Spring was owed the monies sought, but simply whether it was proper for her to sue Mr. Wick personally, rather than in his guise as executor of his mother's estate. In resolving this issue, the magistrate found as follows:

{¶6} "The issue of who the responsible parties should be is resolved by looking at the facts that brought the parties together in the first place. Defendant approached

2

the Plaintiff regarding her professional expertise. Defendant filed the malpractice/wrongful death action on behalf of the estate. Defendant is an attorney at law, with years of experience. The initial check to Plaintiff was a personal one from Defendant with no indication he was acting as executor. At the time the check was sent, an estate was opened for his mother and, as executor, it can only be assumed that he had full access to the estate's checkbook."

{¶7} The magistrate went on to find in favor of Nurse Spring in the full amount of her prayer, and denied Mr. Wick's counterclaim.

{¶8} Evidently, shortly after trial, Attorney Clarke underwent a hip replacement, requiring subsequent rehabilitation. Thus, August 6, 2013, Mr. Wick moved for findings of fact and conclusions of law under his own signature. The pleading did inform the trial court that Mr. Clarke was indisposed and the reasons therefore. The trial court denied the request that day, since it was not signed by counsel.

{¶9} In response, on August 8, 2013, Mr. Wick noticed the trial court that he had discharged Mr. Clarke. The same day, he once again requested findings of fact and conclusions of law. Further, he filed a letter with the trial court (copied to Nurse Spring), indicating he wished to act on his own behalf until such time as Mr. Clarke recovered, and requesting an extension of time to respond to the magistrate's decision, premised on such recovery.

{¶10} September 6, 2013, the trial court filed the judgment entry subject of this appeal, adopting the magistrate's decision.[1] Treating Mr. Wick's letter filed August 8, 2013, as a motion, the trial court further held:

---

1. May 8, 2014, following oral argument in this case, Mr. Wick filed "Defendant-Appellant's Suggestion of Lack of a Final, Appealable Order or Judgment." In that document, he expressed concern that the

3

**{¶11}** "The motion to extend time relates to extending the time to request findings of fact and conclusion of law. Upon review of the Magistrate's decision in this case, the Court finds that sufficient factual findings and legal conclusion have been stated to allow the Defendant to file objections to it. No further findings of fact or conclusion of law are required, therefore Defendant's motion to extend time, as well as his motion to renew his request for findings of fact and conclusion are hereby denied."

**{¶12}** Mr. Wick noticed appeal October 7, 2013, assigning two errors. The first assignment reads: "The trial court erred in effectively depriving defendant-appellant of his trial counsel, preliminary to the trial court's (sic) making its Magistrate's Decision the judgment of the court and insulating that judgment from appellate review." The issue presented for review is, "That using judicial power to coerce a party into discharging his counsel, during pending proceedings, is the same as summarily and illegally removing that party's counsel." Mr. Wick alters the issue presented for review in his reply brief to the following: "Defendant-appellant's first request for Findings of Fact and Conclusions of Law, announcing the incapacity of his counsel, rendered defendant-appellant a 'self-representing litigant, seeking 'to be heard,' under Rule 2.6 of the Ohio Code of Judicial Conduct – but it triggered, not special consideration under Rules 2.2 and 2.6, but prohibited discrimination under Rule 2.3."

**{¶13}** We respectfully note it is improper to raise new issues in a reply brief. "Reply briefs are to be used only to rebut arguments raised in an appellee's brief, and

---

September 6, 2013 judgment entry of the trial court did not suffice to adopt the magistrate's decision, since the relevant language therein reads: "Furthermore, judgment *should be* rendered for the Plaintiff against the Defendant individually in the amount of $1,453.48." (Emphasis added.) There is no technical language a trial court must use in adopting a magistrate's decision. Additionally, as Mr. Wick admits, the judgment entry thereafter states: "Pursuant to law, said judgment shall run at the statutory rate of 3% per annum." We find the trial court's judgment entry sufficient to constitute a final, appealable order.

4

an appellant may not use a reply brief to raise new issues or assignments of error. *Midwest Curtainwalls, Inc. v. Pinnacle*, *701, LLC*, 8th Dist. No. 92269, 2009 Ohio 3740, ¶ 77, citing App.R. 16(C)." *Capital One Bank (USA), NA v. Gordon*, 8th Dist. Cuyahoga No. 98953, 2013-Ohio-2095, ¶9. Nurse Spring did not cite to the Code of Judicial Conduct in her brief. Nevertheless, for the purposes of substantial justice, we will deal with the argument.

{¶14} Generally, a trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.) However, Mr. Wick argues, for the most part, questions of law. These we review de novo. *State v. Vinson*, 11th Dist. Lake No. 2013-L-015, 2013-Ohio-5826, ¶8.

{¶15} Mr. Wick contends the trial court violated his constitutional right to counsel by not accepting his first request for findings of fact and conclusions of law, submitted under his own signature, filed when Mr. Clarke was still his counsel.

{¶16} There is no constitutional right to counsel in civil matters. *State ex rel. McQueen v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 135 Ohio St.3d 291, 2013-Ohio-65, ¶9. However, the Supreme Court of Ohio has recognized "the

5

importance of a party's right to be represented by his or her chosen counsel * * *." *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 429. Mr. Wick argues the trial court coerced him into releasing his chosen counsel, Mr. Clarke.

{¶17} The trial court refused to accept the initial request for findings of fact and conclusions of law since it was not signed by Mr. Clarke. Civ.R. 11 provides that pleadings submitted by represented parties be signed by counsel. Nevertheless, we conclude the trial court erred in striking the initial request for findings of fact and conclusions of law. The decision of the court in *Goldberg v. Mittman*, 10th Dist. Franklin No. 07AP-304, 2007-Ohio-6599 is instructive. In that case, Ms. Goldberg brought a legal malpractice action against her former bankruptcy counsel, Mr. Mittman. *Id.* at ¶1-4. Mr. Mittman counterclaimed for unpaid fees. *Id.* at ¶4. The answer to the counterclaim was stamped, not actually signed by Ms. Goldberg's counsel. *Id.* at ¶26. The trial court refused to strike the answer, and refused to grant Mr. Mittman summary judgment on his counterclaim, which he assigned as error. *Id.* at ¶26-27.

{¶18} On appeal, the Tenth District held, in relevant part:

{¶19} "Even assuming that a violation of Civ.R. 11 had occurred, the rule does not require that an unsigned pleading be stricken; rather, Civ.R. 11 provides that 'if a pleading is not signed (* * *) it *may* be stricken as sham and false (* * *).' (Emphasis added.) *Zukowski v. M/I Homes, Inc.* (Mar. 10, 1994), Franklin App. No. 93AP-1096, 1994 Ohio App. LEXIS 940, at *5. There is no indication in the record that appellee's reply to appellant's counterclaim was a sham or false, or that appellant's substantial rights were affected by counsel's failure to sign the reply." *Id.* at ¶27.

6

**{¶20}** Similarly, in this case, there is nothing to indicate that the initial request for findings of fact and conclusions of law filed by Mr. Wick personally, without his attorney's signature, was sham or false. Rather, the request fully set forth the reason Mr. Clarke did not sign it – i.e., that he was presently incapacitated. Further, no substantial right of Nurse Spring would have been affected by accepting the pleading. In the absence of any indication the pleading was sham or false, or that it somehow affected the opposing party's substantial rights, the trial court should not have stricken it.

**{¶21}** Thus, the trial court erred in striking the pleading. However, we also find the matter moot.

**{¶22}** "'(A) moot case arises (* * *) where a judgment is sought, upon a matter which when it is rendered, cannot have any practical effect upon the issues raised by the pleadings.' *Gelfand v. Stys* (1929), 7 Ohio L. Abs. 105; *Crossings Dev. Ltd. Partnership v. H.D.T., Inc.* (1994), 96 Ohio App. 3d 475, 645 N.E.2d 159." (Parallel citation omitted.) *Sedlak v. Solon*, 104 Ohio App.3d 170, 178 (8th Dist.1995). We believe Mr. Wick rendered this issue moot when he discharged Mr. Clarke, and undertook his own representation. We also find it moot since, as we explain in the discussion of the second assignment of error, Mr. Wick was not entitled to findings of fact and conclusions of law. [2]

**{¶23}** Further, Mr. Wick failed to move the trial court for an extension of time pursuant to Civ.R. 53(D)(5), which provides: "For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a

---

2. We have discussed the issue, even though moot, since the denial of a party's right to file a pleading due to technical noncompliance with Civ.R. 11 is capable of repetition, while evading review. *See, e.g.*, *In re J.C.*, 11th Dist. Geauga No. 2012-G-3105, 2013-Ohio-2819, ¶7.

7

magistrate's order or file objections to a magistrate's decision. 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision." The trial court had previously granted Mr. Clarke continuance of a pretrial when he properly noticed the court of a conflicting medical appointment. However, Mr. Wick did not propose a reasonable extension for Mr. Clarke to recover from his surgery. Rather, after discharging Mr. Clarke, he suggested to the trial court by letter that he be given an undefined extension of time, possibly rehiring Mr. Clarke for purposes of objecting to the magistrate's decision, if and when Mr. Clarke chose to reengage in the case. Medical incapacity of counsel may well be "good cause" under Civ.R. 53(D)(5) – but trial courts are not required to grant litigants undefined continuances, the length of which the litigants essentially reserve to their own judgment.

{¶24} Finally, Mr. Wick argues the actions of the trial court violated the Code of Judicial Conduct. He reasons that, subsequent to the discharge of Mr. Clarke, he was a "self-represented litigant." Comment [4] to Jud.Cond.R. 2.2 provides, in pertinent part: "To ensure self-represented litigants the opportunity to have their matters fairly heard, a judge may make reasonable accommodations to a self-represented litigant consistent with the law." Comment [1A] to Jud.Cond.R. 2.6 similarly urges judicial officers to accommodate self-represented litigants by applying the rules of court, etc., in a flexible way. Mr. Wick contends the trial court failed to do these things for him, thus manifesting impermissible "bias or prejudice," Jud.Cond.R. 2.3(A) and (B).

{¶25} We are somewhat dubious that Mr. Wick is a "self-represented litigant" within the meaning of the term as envisioned by the drafters of the Code of Judicial

8

Conduct, especially when the nature of this case is considered: a claim for monies owed on breach of oral contract, originating in small claims. More significantly, alleged violations of the code do not, as a rule, create substantive rights in litigants before the courts. Thus, for instance, Code of Judicial Conduct, Scope [7] provides: "The code is not designed or intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court."

**{¶26}** Most significant of all, there is nothing in the record substantiating this allegation. The record shows the trial court treated both parties impartially, and held Nurse Spring – indubitably a "self-represented litigant" – to the same standards as it did Mr. Wick and Mr. Clarke.

**{¶27}** The first assignment of error is moot and lacks merit.

**{¶28}** The second assignment of error reads: "The trial court erred in denying defendant-appellant (1) Findings of Fact and Conclusions of Law, upon his demand for them; and (2) his right to Object to the Magistrate's Decision – both under Civil Rule 53(D)." The issue presented for review is, "That the provisions of Civil Rule 53, relating to Magistrates and their decisions, are mandatory upon the trial court – and not optional or susceptible to judicial short-circuiting."

**{¶29}** After discharging Mr. Clarke as his counsel on August 8, 2013, Mr. Wick timely renewed his request for findings of fact and conclusions of law. Civ.R. 53(D)(3)(a)(ii) provides, in pertinent part: "Subject to the terms of the relevant reference, a magistrate's decision may be general *unless* findings of fact and conclusions of law are timely requested by a party or otherwise required by law." (Emphasis added.)

9

Civ.R. 53(D)(3)(b)(i) provides, in pertinent part: "If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law." Mr. Wick contends he was deprived of his right to file objections to the magistrate's decision, since the trial court adopted the decision without any findings of fact and conclusions of law issuing from the magistrate.

{¶30} We respectfully disagree. Mr. Wick mistakes the purpose of requiring magistrates to make findings of fact and conclusions of law under Civ.R. 53. That is to allow parties to draft appropriate objections, and the trial court to evaluate those objections. *See, e.g.*, *Bowshier v. Bowshier*, 2d Dist. Clark No. 2013-CA-33, 2013-Ohio-4073, ¶51; *see also Strah v. Lake Cty. Humane Soc.*, 90 Ohio App.3d 822, 836 (11th Dist.1993) (interpreting Civ.R. 52). In this case, the magistrate's original decision was detailed both as to the facts on which he relied in rendering the decision, and his legal conclusions. Mr. Wick was entitled to no more.

{¶31} The second assignment of error is without merit.

{¶32} The judgment of the Chardon Municipal Court is affirmed. It is the further order of this court that appellant is assessed costs herein taxed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

10