[Cite as *Bhau v. PEM Properties, Ltd.*, 2016-Ohio-7377.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RAJINDER BHAU, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2015CA00214 |
| | : | |
| PEM PROPERTIES, LTD., ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2014CV00193

JUDGMENT:                      AFFIRMED

DATE OF JUDGMENT ENTRY:      October 11, 2016

APPEARANCES:

For Plaintiffs-Appellees:

E.K. WRIGHT
P.O. Box 711
New Philadelphia, OH 44663

For Defendants-Appellants:

MORRIS H. LAATSCH
209 South Main St., 3rd Floor
Akron, OH 44308

*Delaney, J.*

{¶1} Defendants-Appellants PEM Properties, Ltd. and Paul Malagrida appeal the October 27, 2015 judgment entry of the Stark County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On January 22, 2014, Plaintiffs-Appellees Rajinder Bhau and Rajvir Gaur dba Kabob and Curry filed a complaint for breach of contract and fraud against Defendants-Appellants PEM Properties, Ltd. and Paul Malagrida in the Stark County Court of Common Pleas. PEM Properties filed an answer and counterclaim on February 18, 2014.

{¶3} The matter was referred to a magistrate. The magistrate held a non-jury trial on the parties' complaint and counterclaim on September 10, 2014 and September 11, 2014. On September 12, 2014, Bhau and Gaur filed a request for a transcript of the trial.

{¶4} The trial court ordered the parties to file proposed findings of fact and conclusions of law, which the parties filed in October.

{¶5} On June 30, 2015, the magistrate issued her decision. She found in favor of PEM Properties against Bhau and Gaur on all claims in the Plaintiffs' complaint. She also found that PEM Properties was not entitled to judgment on its counterclaim, therefore finding in favor of Bhau and Guar against PEM Properties on all claims in the counterclaim.

{¶6} PEM Properties filed objections to the magistrate's decision on July 9, 2015. It requested an extension of time to file its memorandum in support of its objections to the magistrate's decision. The trial court granted the extension. PEM Properties filed its

memorandum in support of its objections to the magistrate's decision. Bhau and Guar filed a response to the objections to the magistrate's decision.

{¶7} On October 27, 2015, the trial court overruled the objections of PEM Properties to the magistrate's decision. The trial court based its decision to overrule the objections on the failure of PEM Properties to file a transcript of the non-jury trial with the trial court pursuant to Civ.R. 53(D)(3)(b)(iii). The trial court acknowledged the trial transcript was requested and a copy was paid for, but the parties did not file the transcript with the court. The trial court determined PEM Properties failed to support its objections to the magistrate's findings of fact and resulting conclusions of law.

{¶8} PEM Properties filed a motion for leave to file the transcript and a motion to reconsider on November 20, 2015. It filed its notice of appeal on November 30, 2015.

## ASSIGNMENT OF ERROR

{¶9} PEM Properties raises one Assignment of Error:

{¶10} "THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT PEM PROPERTIES, LTD. OVERRULING THE OBJECTION OF THE DEFENDANT PEM PROPERTIES, LTD. TO THE MAGISTRATE'S DECISION BASED UPON THE FAILURE OF THE DEFENDANT TO FILE A COPY OF THE TRIAL TRANSCRIPT WITH THE COURT WHEN THE TRIAL COURT WAS AWARE THAT A TRANSCRIPT OF THE TRIAL TESTIMONY HAD IN FACT BEEN PREPARED, WAS AVAILABLE FOR REVIEW BY THE TRIAL COURT IN REVIEWING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S REPORT."

**ANALYSIS**

{¶11} PEM Properties argues the trial court erred when it overruled its objections to the magistrate's decision based on its failure to file a transcript. PEM Properties states the issue in this case is whether the failure of the objecting party to formally file the transcript with the trial court constitutes a failure to comply with Civ.R. 53(D)(3)(b)(iii). Upon our review, we find the objecting party's failure to file a transcript with the trial court is in contravention of the plain language of Civ.R. 53(D)(3)(b)(iii).

{¶12} Civ. R. 53(D) states in pertinent part:

(3) Magistrate's decision; objections to magistrate's decision

* * *

(b) Objections to magistrate's decision

* * *

(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶13} This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015-Ohio-3726, ¶ 35; *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001); *State v. Leite*, 5th Dist. Tuscarawas No. 1999AP090054, 2000 WL 502819 (Apr. 11, 2000); *Fogress v. McKee*, 5th Dist. Licking No. 99CA15, 1999 WL 668580(Aug. 11, 1999); and *Strunk v. Strunk*, 5th Dist. Muskingum No. CT96–0015, 1996 WL 787981(Nov. 27, 1996). When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *Green Tree Servicing, L.L.C. v. St. John*, 5th Dist. Stark No. 2013 CA 00092, 2015-Ohio-1111, ¶ 18 citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 1995-Ohio-272, 654 N.E.2d 1254.

{¶14} The parties agree the court reporter prepared a transcript of the non-jury trial. There is no dispute the transcript was not filed with the trial court. PEM Properties argues the trial court was aware a transcript was prepared and should have referred to that transcript when it considered PEM Properties' objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iii) does not place the burden on the trial court to obtain a transcript if a party objects to a magistrate's decision. The plain language of Civ.R. 53(D)(3)(b)(iii) requires the objecting party file a transcript with the trial court to support its objections to a factual finding:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The *objecting party shall file the transcript or affidavit with the court* within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. (Emphasis added.)

{¶15} "Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision." *JPMorgan Chase Bank v. Liggins*, 10th Dist. Franklin Case No. 15AP-242, 2016-Ohio-3528, ¶ 10 citing *Gladden v. Grafton Corr. Inst.*, 10th Dist. No. 05AP–567, 2005–Ohio–6476, ¶ 7. It is the responsibility of the objecting party to provide the trial court with the transcript. We find the trial court did not err when it found that PEM Properties failed to file a transcript in support of its objections to the magistrate's findings of fact.

{¶16} PEM Properties does not raise an Assignment of Error asking this Court to examine whether the trial court abused its discretion in reaching specific legal conclusions based on established facts. Accordingly, the sole Assignment of Error of PEM Properties is overruled.

**CONCLUSION**

{¶17} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.