[Cite as *Reagan v. Sturges*, 2016-Ohio-8226.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| GEORGE F. REAGAN, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2016-P-0001** |
| STEVEN E. STURGES, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 01182.

Judgment: Affirmed.

*Chad E. Murdock,* 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Plaintiffs-Appellants).

*Steven E. Sturges,* 9026 Fewtown Road, Deerfield, OH 44411 (Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} George and Osta Reagan appeal from the judgment entry of the Portage County Court of Common Pleas, adopting the decision of its magistrate, finding in favor of Steven Sturges in a dispute over a driveway easement. Finding no error, we affirm.

{¶2} In 1957, the Reagans purchased a house on 1.2 acres abutting the Fewtown Road in Deerfield Township, Portage County, Ohio. The land contract and a 1968 deed describe the easement in question, providing, in pertinent part:

{¶3} "All of the within described premises are subject to an easement of 20 feet along the West and North line of said tracts which is reserved as a driveway for the use of the [grantors], their heirs and assigns and which the grantee covenants and agrees shall remain open and unobstructed to be used by the owner of any of the lots * * *[.]"

{¶4} The easement served several cottages to the rear of the Reagan property, providing their only access to the Fewtown Road.

{¶5} At the trial of this matter, it was established that the western ten feet of the easement was covered with gravel, and used as the driveway to the properties in the rear. The eastern ten feet remained grass covered. There are four telephone poles along the edge of the eastern part of the easement, that nearest the road actually being a few feet within the easement. The Reagans admitted at trial the telephone company's workers regularly enter the eastern portion of the easement to use the poles.

{¶6} The Reagans testified they always used the eastern ten feet of the easement as part of their yard. This testimony was supported by that of their son. The Reagans testified they planted flowers in the eastern part of the easement, asparagus, some grapevines, and a few small fir trees. Some pictures of the eastern part of the easement from the 1960s through the 1990s were introduced as exhibits. They appear to show some of the plantings made by the Reagans, though it is difficult to discern whether these plantings are just within, or outside, the line of the easement as established by the telephone poles.

{¶7} There was testimony that an adjoining property owner, Mr. Henefeld, threw parties in the summer for his employees, who would park campers in the eastern part of the easement.

{¶8} In 2005, Mr. Sturges purchased one of the cottages serviced by the easement from James Studzinski. At trial, he testified the eastern part of the easement was simply grass covered when he moved in, and that the Reagans only began putting things into the easement after the conflict with him arose. This commenced in 2009, when he went to work as a trucker. Once a month, he would bring his large, seven-axle, commercial truck home, to clean it. To get the truck to his property, Mr. Sturges had to drive within the eastern part of the easement. The Reagans objected vociferously. The conflict escalated until 2014. The Reagans testified that Mr. Sturges killed various plantings with weed killer, and/or ran them over with his truck. Mr. Reagan admittedly positioned large stones along the edge of the graveled part of the easement to block Mr. Sturges' truck. The conflict reached a climax when Mr. Reagan dug a deep ditch along the graveled part of the easement.

{¶9} December 11, 2013, the Reagans commenced this action by filing a complaint for declaratory judgment, injunction, and money damages. The thrust of their complaint was the doctrine of adverse possession entitled them to the eastern part of the easement. Mr. Sturges answered and counterclaimed, and the Reagans answered his counterclaim. The Reagans moved for partial summary judgment, which motion the trial court denied.

{¶10} Trial was had before the magistrate April 1, 2015. The magistrate filed his decision July 8, 2015. He found the Reagans had not established they had exclusive possession of the eastern part of the easement, a necessary element in establishing adverse possession. He based this on findings that the residents served by the easement regularly drove on the eastern part to pass each other; that the telephone

workers entered to use the poles; that the local paper delivery was made by driving on the eastern part of the easement; and that Mr. Henefeld's summer guests parked their campers there.

{¶11} The Reagans filed timely objections to the magistrate's decision. The trial court denied the objections, and adopted the magistrate's decision by a judgment entry originally filed December 8, 2015, then re-filed December 21, 2015. The Reagans timely noticed appeal, assigning two errors.[1] The first reads: "The trial court committed prejudicial error in holding that the Reagans had to prove exclusive possession of the Yard as to all persons." The Reagans argue the magistrate erred as a matter of law in finding they had to establish exclusive possession of the eastern part of the easement against such persons as the telephone company workers, or Mr. Henefeld and his guests, rather than against Mr. Sturges alone.

{¶12} Normally, a trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. However, we review questions of law de novo. *Spring v. Wick*, 11th Dist. Geauga No. 2013-G-3163, 2014-Ohio-2879, ¶14.

{¶13} "'A claim of adverse possession requires proof of exclusive possession and open, notorious, continuous, and adverse use for a period of 21 years. *Grace v. Koch* (1998), 81 Ohio St.3d 577, * * * syllabus. To establish title by adverse possession, a claimant must establish the above-listed factors by clear and convincing evidence. *Id.* at 580, * * *.'" (Parallel citations omitted.) *Franklin v. Massillon Homes II, LLC*, 184 Ohio App.3d 455, 2009-Ohio-5487, ¶11 (5th Dist.) "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief

---

1. Mr. Sturges has not filed a brief on appeal.

4

or conviction as to the facts sought to be established." *State v. Swiderski*, 11th Dist. Lake No. 2004-L-112, 2005-Ohio-6705, ¶33. Adverse possession is a disfavored doctrine, as it results in the forfeiture of rights without compensation. *Bowlander v. Mapes*, 6th Dist. Ottawa No. OT-08-033, 2009-Ohio-664, ¶14.

**{¶14}** The Reagans are correct that the magistrate misconstrued the exclusivity factor required to establish adverse possession. As stated by the Fifth District in *Massillon Homes II*, *supra*, at ¶27:

**{¶15}** "In order for use to be considered continuous and exclusive, '(u)se of the property does not have to be exclusive of all individuals. Rather, it must be exclusive of the true owner entering onto the land and asserting his right to possession. It must also be exclusive of third persons entering the land under their own claim of title, or claiming to have permission to be on the premises from the true title holder. If the title holder enters onto the land without asserting, by word or act, any right of ownership or possession, his presence on the land does not amount to an actual possession, and the possession may properly be attributed to the party who is on the land exercising or claiming exclusive control thereof. It is not necessary that all persons be excluded from entering upon and using the premises.' *Kaufman* [*v. Geisken Enterprises, Ltd.*, 3rd Dist. Putnam No. 12-02-04, 2003-Ohio-1027] at ¶39, quoting *Walls v. Billingsley* (April 28, 1993), 3rd Dist. No. 1-92-11, citing 4 Tiffany, Real Property (1975) 736, Section 1141."

**{¶16}** Consequently, the Reagans did not have to establish exclusivity regarding anyone except Mr. Sturges, or others entitled to enforce the easement. However, we note that Mr. Sturges has possessed his property – and right to enforce the easement – only since 2005. And he has contested the alleged possession of the eastern part of

5

the easement by the Reagans since 2009. "[T]he 21-year period for adverse possession may be satisfied by adding the periods of adverse use by owners in privity." *Hofka v. Hanson*, 11th Dist. Ashtabula Nos. 2012-A-0007 and 2012-A-0008, 2013-Ohio-1285, ¶22. Thus, the Reagans had to establish exclusive use of the eastern part of the easement against Mr. Sturges' privy, James Studzinski, from whom he purchased his property, or others entitled to enforce the easement. The only evidence adduced at trial relating to this was the testimony of the Reagans and their son that no other neighbor had ever complained about their use of the eastern part of the easement. This is not clear and convincing evidence. The Reagans failed to carry their burden on this issue.

{¶17} The first assignment of error lacks merit.

{¶18} The Reagans' second assignment of error reads: "The trial court committed prejudicial error in allowing Sturges to expand the driveway to accommodate his commercial truck because such expansion would enlarge and abuse the easement grant and additionally burden the property." The Reagans argue that Mr. Sturges altered the use of the easement by attempting to change it from a residential use – i.e., to access the landlocked cottages – to a commercial use, by bringing in his truck.

{¶19} "An easement holder may not increase the burden upon the servient estate by engaging in a new and additional use of the easement. *Lakewood Homes, Inc. v. BP Oil, Inc.,* 1999 Ohio App. LEXIS 3924 (Aug. 26, 1999), Hancock App. No. 5-98-29, unreported, citing *Centel Cable Television Co. of Ohio, Inc. v. Cook* (1991), 58 Ohio St.3d 8, 12, * * *. However, in the absence of specific language to the contrary, the easement holder 'is entitled to vary the mode of enjoyment and use of the easement by availing himself of modern inventions if by doing so he can more freely exercise the

6

purpose for which the grant was made.' *Ohio Oil Gathering Co. II v. Shrimplin*, 1990 Ohio App. LEXIS 3160 (July 23, 1990), Coshocton App. No. 89-CA-20, unreported, citing 28 Corpus Juris Secundum (1941) Easements, Section 95. See, also, 28A Corpus Juris Secundum (1996) 391, Easements, Section 173, citing *Hash v. Sofinowski* (Pa.Super.1985), 337 Pa. Super. 451, * * *, and *Boydstun Beach Assn. v. Allen* (Id.App.1986), 111 Idaho 370, * * *. Generally, the court should presume that the parties contemplated that normal development would result in some changes in the mode of use of the easement, even if it were unlikely that the parties anticipated the specific developmental changes. 28A Corpus Juris Secundum (1996) 371, Easements, Section 160; see, also, *Knox v. Pioneer Natural Gas Co.* (Tex.App.1959), 321 S.W.2d 596, 601, citing Restatement of the Law of Property, Sections 482 and 484." (Parallel citations omitted.) *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, L.L.C.*, 138 Ohio App.3d 57, 67 (4th Dist.2000).

{¶20} In *Solt v. Walker*, 5th Dist. Fairfield No. 95-CA-64, 1996 Ohio App. LEXIS 2916, *4-5 (May 3, 1996), the court identified several factors indicating when an access easement might be considered improperly enlarged. These included an increase in dust and dirt; people coming and going late at night; increased noise; and people speeding.

{¶21} We find none of these factors, or anything similar, in this case. The record establishes that Mr. Sturges simply brings his commercial truck to his house once a month to clean it. This does not indicate he has attempted to change the easement from a residential to a commercial one, or that he has unreasonably enlarged or abused the grant.

7

{¶22} The second assignment of error lacks merit.

{¶23} The assignments of error lacking merit, the judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.

concur.