[Cite as *Hassingger v. Hassinger*, 2018-Ohio-1901.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TARA HASSINGER | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 17-COA-026 |
| | : | |
| RYAN C. HASSINGER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland County Court of Common Pleas, Domestic Relations Division, Case No. 15-DIV-032 |
| | |
| JUDGMENT: | AFFIRMED |
| | |
| DATE OF JUDGMENT ENTRY: | May 11, 2018 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee: | For Defendant-Appellant: |
| | |
| MATTHEW J. MALONE | RYAN C. HASSINGER, PRO SE |
| 10 East Main Street | 320 Ohio Street |
| Ashland, OH 44805 | Ashland, OH 44805 |

*Delaney, J.*

{¶1} Defendant-Appellant Ryan C. Hassinger appeals the June 22, 2017 judgment entry of the Ashland County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Defendant-Appellant Ryan C. Hassinger and Plaintiff-Appellee Tara Hassinger were married on February 27, 2009 and separated on August 1, 2009. Two children were born of the marriage, R.H. born June 29, 2007, and C.H. born November 30, 2008. On February 25, 2015, Wife filed a complaint for divorce.

{¶3} The parties reached an agreement as to all issues except the care and disposition of the children and child support. A hearing before a magistrate was held on January 6, 2016. Husband represented himself at the hearing. By decision filed February 1, 2016, the magistrate named Wife residential parent and legal custodian of the children, and ordered Husband to pay child support in the amount of $361.25 per month.

{¶4} Husband filed objections to the magistrate's decision. He simultaneously filed a motion requesting permission from the trial court to file alternative media to review the evidence because he could not afford a transcript of the magistrate's hearing. On February 25, 2016, the trial court granted the motion in part and denied the motion in part. The trial court ordered the audio recording of the magistrate's hearing be provided to Husband, but Husband was required by Civ.R. 53(D) to file a written transcript to support his objections to the magistrate's decision. By separate judgment entry on February 25, 2016, the trial court ordered the hearing transcript be prepared and made available to Husband, but Husband was required to pay a $600.00 deposit to obtain the transcript.

Husband did not provide the trial court with a transcript of the magistrate's hearing. By judgment entry filed March 22, 2016, the trial court reviewed the magistrate's findings, found them to be sufficient to support the conclusions of law, denied the objections, and adopted the magistrate's decision. The trial court ordered Wife to prepare the decree of divorce and submit the decree to the trial court.

{¶5} Husband appealed the March 22, 2016 judgment entry. In *Hassinger v. Hassinger*, 5th Dist. Ashland No. 16-COA-009, 2017-Ohio-2962, we dismissed the appeal for lack of jurisdiction.  The trial court ordered Wife to prepare a final decree of divorce conforming to the magistrate's decision and submit the decree to the trial court, which was not done at the time of the appeal. We found the March 22, 2016 judgment entry was "simply prefatory to the issuance of a final order." *Id.* at ¶ 16 citing *Huffman v. Huffman,* 11th Dist. Lake No. 2015–L–130, 2016–Ohio–62, ¶ 19; *Beck v. Beck,* 11th Dist. Lake No. 2016–L–031, 2016–Ohio–3012, ¶ 19.

{¶6} The Decree of Divorce was filed on June 22, 2017. It is from this judgment Husband now appeals.

**ASSIGNMENTS OF ERROR**

{¶7} Husband raises three Assignments of Error:

{¶8} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DIVESTED THE APPELLANTS FUNDAMENTAL RIGHTS TO PARENT HIS CHILDREN WITH THE BEST INTEREST OF THE CHILD STANDARD, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION.

{¶9} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT IMPEDED THE APPELLANT IN PREPARING AND LITIGATING HIS CASE, IN VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

{¶10} "III. THE TRIAL COURT ERRORED IN ITS FINDINGS THAT IT WAS IN THE BEST INTEREST OF THE CHILDREN IN THIS CASE TO NAME THE APPELLEE AS THE SOLE RESIDENTIAL AND LEGAL CUSTODIAN AND THE COMPUTATION OF CHILD SUPPORT, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## ANALYSIS

### I. Standard of Review

{¶11} Because the final hearing giving rise to this appeal was conducted by the magistrate, we first address the standard of review of the trial court and the appellate court under Civ.R. 53. Husband filed objections to the magistrate's decision, but Husband did not submit a transcript of the final hearing with his objections.

{¶12} When Husband filed objections to the magistrate's decision, he was required to file a supporting transcript or affidavit in lieu of an unavailable transcript. Civ.R. 53(D)(3)(b)(iii). "Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision." *Bhau v. PEM Properties, Ltd.*, 5th Dist. Stark No. 2015CA00214, 2016-Ohio-7377, ¶ 15 quoting *JPMorgan Chase Bank v. Liggins,* 10th Dist. Franklin Case No. 15AP–242, 2016–Ohio–3528, ¶ 10 citing *Gladden v. Grafton Corr. Inst.,* 10th Dist. No. 05AP–567, 2005–Ohio–6476, ¶ 7. It is the responsibility of the objecting party to provide the trial court with the transcript. *Id.*

{¶13} This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Murray v. Miller*, 5th Dist. Richland No. 15CA02, 2015–Ohio–3726, ¶ 35; *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001); *State v. Leite*, 5th Dist. Tuscarawas No.1999AP090054, 2000 WL 502819 (Apr. 11, 2000); *Fogress v. McKee*, 5th Dist. Licking No. 99CA15, 1999 WL 668580(Aug. 11, 1999); and *Strunk v. Strunk*, 5th Dist. Muskingum No. CT96–0015, 1996 WL 787981(Nov. 27, 1996). Without a transcript, the trial court is free to adopt the magistrate's decision, unless it determines there is an "error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶14} We consider Husband's appeal pursuant to the above standard of review.

## II. Constitutionality of R.C. 3109.04

{¶15} In Husband's first Assignment of Error, he challenges the constitutionality of R.C. 3109.04. "The primary purpose of R.C. 3109.04 is to provide guidance to domestic relations courts for the allocation of parental rights and responsibilities between divorcing parents." *Baker v. Baker*, 113 Ohio App.3d 805, 808, 682 N.E.2d 661 (9th Dist.1996). He specifically argues the best interests standard under R.C. 3109.04(B)(1) improperly divests a parent of his fundamental right to parent his child. A review of the record shows that Husband did not raise this argument at the trial court level. Husband did not argue the constitutionality of R.C. 3109.04 in his objections to the magistrate's decision, nor did he raise the issue by separate motion.

{¶16} In *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus, the Ohio Supreme Court held: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Richardson*, 5th Dist. Stark No. 2017CA00063, 2018-Ohio-947, ¶ 46. The waiver doctrine announced in *Awan* is discretionary. *Shanklin v. McDonald's USA, LLC*, 5th Dist. Licking No. 2008 CA 00074, 2009-Ohio-251, ¶ 17 citing *In re M.D.* (1988), 38 Ohio St.3d 149, 151, 527 N.E.2d 286, 288 (1988).

{¶17} Upon review of the record and the appellate arguments of the parties in this case, we exercise our discretion to find that Husband has waived the argument as to the constitutionality of R.C. 3109.04. Husband's appellate brief gives a limited review of the case law on this complex issue but he supports his argument about the unconstitutionality of the statute with the magistrate's findings of fact as to the best interests of his children. We find Husband's argument on appeal is a collateral attack on the magistrate's findings of fact. The issue as to the constitutionality of R.C. 3109.04 is waived for appeal.

{¶18} Husband's first Assignment of Error is overruled.

### III. Trial Court Impeded Husband's Ability to Present His Case

{¶19} Husband contends in his second Assignment of Error that the trial court engaged in certain actions that prevented Husband from properly presenting his case. He raises multiple issues to support his argument.

{¶20} He first argues the trial court violated local rules and denied him due process and equal protection by not providing him with no-cost service of subpoenas. On

March 30, 2015, Husband filed a motion that the Ashland Clerk of Courts prepare and serve six subpoenas. He requested the costs of filing the subpoenas be waived. Simultaneously with the motion, he filed Ashland Co. Loc.R. Form 1.00, which is an Affidavit of Indigency for Court Costs in the Ashland County Court of Common Pleas, General and Domestic Relations Division. By judgment entry filed March 30, 2015, the trial court denied the motion because the local rules did not waive costs for the filing and service of subpoenas pursuant to Ashland Co. Loc.R. 2.03.

{¶21} Ashland Co. Loc.R. 2.03 states as to the Affidavit of Indigency:

The Clerk of Courts shall accept any pleadings filed without a court cost deposit, if an Affidavit of Indigency for Court Costs (*Form 1.00 in the Appendix of these Rules*), which has been approved by the Judge or Magistrate of this Court, is submitted with the pleadings. The filing of an Affidavit of Indigency for Court Costs does not relieve a party from liability for court costs. Nothing herein shall be construed to prevent the Court from requiring any other party to the action to make a sufficient deposit for costs, or from assessing costs to any party.

{¶22} The trial court held the issuance of a subpoena by the Clerk of Courts was not a pleading subject to Ashland Co. Loc.R. 2.03 and Husband was therefore liable for court costs. Subpoenas served are normally considered as costs. *Matter of Carlin (John J., Jr.)*, 5th Dist. Licking No. 93 CA 00124, 1994 WL 369889, *2 (June 3, 1994) citing *Howard v. Wills*, 77 Ohio App.3d 133, 601 N.E.2d 515 (4th Dist.1991). We find no error on the part of the trial court as to court costs.

{¶23} Husband next argues the magistrate failed to consider his request for shared parenting. He states he entered an oral motion before the final hearing to amend his counterclaim to request shared residential parenting. He states the magistrate advised the court would allow Husband to proceed on that request. In the magistrate's decision, Husband contends, the magistrate incorrectly stated that both parties were seeking sole residential and legal custody of the children.

{¶24} Husband did not file a transcript of the final hearing. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980); *Bd. of Trustees of Troy Twp. v. Lawson*, 5th Dist. Ashland No. 17-COA-003, 2017-Ohio-7216. Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*

{¶25} Without the transcript, we cannot resolve Husband's assigned error and thus have no choice but to presume the validity of the magistrate's statement that both parties were seeking sole residential and legal custody.

{¶26} Husband finally argues the trial court erred when it refused to hear additional evidence pursuant to Civ.R. 53(D)(4)(d). In his objections to the magistrate's decision, Husband stated: a) he was currently employed part-time and submitted his salary information to Child Support services, b) he will sign up for the ordered parenting class when he receives his first paycheck, c) he has information that Mother gave false

information while testifying under oath, and d) he wanted to submit additional information to show he was disabled, but it did not significantly affect his ability to care for his children.

{¶27} The trial court is obliged to independently review the issues upon objections to a magistrate's decision. Ohio Civ.R. 53(D)(4)(d) states in pertinent party:

> * * * * In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶28} The trial court denied Husband's request to hear additional evidence. It found Husband did not demonstrate that he could not, with reasonable diligence, have produced the additional evidence for consideration by the magistrate at the final hearing. The trial court acknowledged that Husband's employment may be new evidence, but it is understood that a party's employment status and wages will fluctuate. The trial court stated its independent review of the magistrate's decision, Husband's objections, Wife's response, and the record did not demonstrate the magistrate committed an error based on the evidence produced at the final hearing.

{¶29} The trial court has discretion to decide whether to hear additional evidence after the parties submit objections to the magistrate's report. *Kolano v. Vega*, 2016-Ohio-356, 58 N.E.3d 546, ¶ 23 (5th Dist.) citing *Wallace v. Taylor,* 5th Dist. Licking No. 00CA71, 2001 WL 1782654 (April 16, 2001). Accordingly, when a trial court hears or does not hear

additional evidence, we review this decision under an abuse of discretion standard. *Parrish v. Parrish,* 5th Dist. Knox No. 15CA4, 2015-Ohio-4560, 2015 WL 6690026.

{¶30} Upon our review of the record, we do not find the trial court abused its discretion in overruling Husband's motion to submit additional evidence. First, the trial court is correct that employment and income may change after child support orders are imposed by the trial court. There are procedures outside of Civ.R. 53 to address these changes. Second, on March 16, 2015, the trial court ordered Husband and Wife to attend a divorcing parents education program prior to the final hearing. Husband did not attend the program prior to the final hearing. That Husband intended to attend the divorcing parents education program after the final hearing was not additional evidence. Third and fourth, Husband argued he had evidence to present regarding Wife's alleged perjury and his disability. Husband claimed Wife gave false testimony at the final hearing based on statements she made during an earlier juvenile proceeding. Husband next claimed he had further evidence regarding his disabilities. The magistrate addressed Husband's disabilities in the magistrate's decision. As to both Wife's alleged perjury and Husband's disabilities, we do not have the transcript of the final hearing; therefore, the facts as determined by the magistrate are established.

{¶31} Husband's second Assignment of Error is overruled.

### IV. Bias by the Trial Court

{¶32} Husband contends in his final Assignment of Error that inconsistencies in the trial court's decision evidence prejudicial bias against Husband in violation of Jud.Cond.R. 2.3 and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution.

{¶33} Jud.Cond.R. 2.3 concerns the performance of judicial duties without bias or prejudice so as to impair the fairness of the proceedings. Husband argues that findings of fact made by the magistrate in relation to Husband and Wife show how the trial court was biased against Husband. As an example, Husband states the magistrate found Wife had a more stable living situation where she resided in a rental home and planned to move to a bigger home. Wife was evicted from an apartment in 2010. Husband currently resided in a three-bedroom duplex. During the pendency of the action, Husband moved twice.

{¶34} We first note Husband did not file a transcript of the final hearing. Accordingly, pursuant to Civ.R. 53, the magistrate's findings of fact are established and cannot be attacked on appeal.

{¶35} As to Husband's arguments regarding judicial bias, alleged violations of the Code of Judicial Conduct do not, as a rule, create substantive rights in litigants before the courts. *Spring v. Wick*, 11th Dist. Geauga No. 2013-G-3163, 2014-Ohio-2879, ¶ 25. Thus, for instance, Code of Judicial Conduct, Scope [7] provides: "The code is not designed or intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court." *Id.*

{¶36} Further, R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced and requires an affidavit of prejudice to be filed with the Supreme Court of Ohio. *Gould v. Gould*, 4th Dist. Lawrence No. 16CA30, 2017-Ohio-6896, ¶ 59. R.C. 2701.031 states as follows:

If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court. The affidavit of disqualification shall be filed and decided in accordance with divisions (B) to (E) of section 2701.03 of the Revised Code, and, upon the filing of the affidavit, the provisions of those divisions apply to the affidavit, the proceeding, the judge, and the parties to the proceeding.

A court of appeals lacks "authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Id.* quoting *Beer v. Griffith,* 54 Ohio St.2d 440, 441–442, 377 N.E.2d 775 (1978). There is no evidence in the record that Husband filed an affidavit of prejudice with the Ohio Supreme Court pursuant to R.C. 2701.03.

{¶37} Accordingly, Husband's third Assignment of Error is overruled.

**CONCLUSION**

{¶38} The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed.

By:  Delaney, J.,

Wise, P.J. and

E. Wise, J., concur.